### 15838. BRUCE v. BROWN.

STEPHENS, J. 1. One who represents his mother-in-law, an old lady eighty years old, with whom he lives, in "looking after matters for her," and who accompanies her on various occasions to a bank with which she transacts business, and who, as agent for her, and not in her presence, signs her name to a check drawn upon this bank, it not appearing that she authorized or ever acquired any knowledge of such transaction, is not, by such facts, shown to be her agent to draw on her account in the bank, or to apply the proceeds to his own credit. The testimony of the mother-in-law, that she at one time gave to the son-in-law a check, which it appears was in the same amount as the check alleged to have been signed by the son-in-law as her agent, is insufficient to

authorize an inference that she had reference to the check which he signed as agent not in her presence, and is insufficient to authorize the inference that she either authorized or had any knowledge of the execution in her behalf of the check signed by him as her agent.

2. In a suit by the mother-in-law against the bank to recover the amount of certain payments which had been made to the bank by the maker of a note, which was in the bank's possession and to which the plaintiff claimed title, and which funds the bank had placed to the credit of the plaintiff's son-in-law, where one of the defenses relied upon by the defendant bank was that the son-in-law was the agent of the plaintiff, and, as such agent, had authority to draw upon the plaintiff's account, and where the only evidence as to such agency was such as is indicated in paragraph 1 above, together with certain extrajudicial declarations tending to prove agency, made by the alleged agent, the evidence was insufficient to establish the agency of the son-in-law to withdraw from the bank any of the funds of the plaintiff. It was, therefore, error harmful to the plaintiff for the judge, in his charge, to submit such defense to the jury.

3. Where a further defense interposed was that the note, which was payable to the plaintiff's daughter, who was the wife of the son-in-law, and indorsed in blank by both the payee and the son-in-law, was not the property of the plaintiff, and had not been left by the plaintiff with the defendant for collection for the plaintiff's benefit, as the plaintiff claimed, but was the property of the son-in-law, it was error harmful to the plaintiff to admit in evidence any acts or declarations of the payee of the note, who was not a party to the suit, such as the filing of a suit upon the note by the payee, or demands made by the payee upon the makers for payment of the note, all of which tended to establish title to the note in the payee and not in the plaintiff. Such evidence was hearsay and immaterial.

4. A verdict having been found for the defendant, it was error to overrule the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint; from Wilcox superior court—Judge Crum. June 28, 1924.

*J. H. Dorsey,* for plaintiff.

*Hal Lawson,* for defendants.